WESTERN DIST.
October, 1831.
—————
BRONAUGH
ET ALS.
vs.
BOWLES.
be evaded in every case by putting interrogatories, and when they were negatived, verbal proof which the law for purposes of policy has excluded, would come in.  A construction leading to such consequences cannot be adopted.  It would be permitting that to be done indirectly, which the law would not permit to be done directly.   If the plaintiff has not sworn the truth, the courts of criminal jurisdiction are open for his prosecution and punishment.  But whether he has or not, the rules in relation to this contract have been too rigidly fixed by the legislature to permit any infringement of them in settling the civil rights of the parties.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be affirmed, with costs.

═══════════

### BRONAUGH ET ALS. vs. BOWLES.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

If answers to interrogatories are presented to be filed after the trial has commenced, the adverse party may have time allowed to except or object to them, by a continuance or postponement of the cause; but he cannot object to filing them.

Where one of several heirs appoints another of the heirs as agent to sell and dispose of the joint property and pay over the portion coming to the heir who constitutes him her agent, she can sue him in the District Court and compel him to render an account of his agency.

This suit is brought by Apphia Bronaugh, assisted by her husband, against Mathew J. Bowles, to compel him to account and pay over as agent and attorney in fact of six heirs to an estate (her and him both being heirs) the portion coming to her, which she alleges he refuses to do.

In 1821, Robert Jones died, having devised his estate to Thomas H. Bowles, Robert I. Bowles, Mathew I. Bowles,

WESTERN DIST.
October, 1831.

BRONAUGH
ET ALS.
vs.
BOWLES.

(the defendant,) Mathew Jones, Eliza Jones and Apphia Jones, now Apphia Bronaugh, the petitioner. The heirs appointed the defendant (one of their number) to go to Tennessee and North Carolina and sell the property of the decedent for cash or negroes, and particularly one moiety of a tract of one thousand and twenty-eight acres, and the whole of three hundred and twenty acres in Tennessee, and account to the plaintiff and the other heirs for the proceeds.

The petitioner alleges she has sustained damages to the amount of one thousand dollars by the conduct of her agent in refusing to account and pay over the property sold by him. She prays that he may be required to pay over to her the one-sixth part of all the lands and other property disposed of by him, belonging to the estate of the decedent. Interrogatories were propounded to the defendant, requiring him to state on oath what property, to what amount, and in what manner he had received it on payment, exchange or barter for the legacies or portions coming to each of the heirs.

The defendant set out a long account of his agency, and avowed his readiness to settle and pay over any balance that might be due; but was not bound to do so to one of them; he had a right to a partition and settlement with all of them, as the sales had been in part for negroes, horses, money, &c.; and that as one of the heirs, he was not bound to surrender any of the effects unless demanded of him in partition, which he is ready to make.

He propounded interrogatories for the plaintiff to state, on oath, if she had not signed an act ratifying his agency relative to the sale of a particular tract of land, and of a negro, and that she accepted a surrender of his agency.

Several amended petitions, answers and interrogatories were filed, going more in detail of the transactions between the parties.

The defendant offered to file his answers to certain interrogatories after the petition was read and jury sworn, which was objected and excepted to as coming too late, not giving time to examine them or except to them, but taking the opposite party by surprise.

16

WESTERN DIST.
*October*, 1831.
━━━━━━━━━
BRONAUGH
ET ALS.
*vs.*
BOWLES.

2. That they were written by one of the counsel of the defendant, and sworn to before the other, who had retained them in his possession without filing them. They were permitted to be filed under certain restrictions.

The cause was tried at the April term, 1830. The plaintiffs had a verdict and judgment for one thousand and four dollars.

*Rost*, for the plaintiffs.

1. We show by the testimony, that Mrs. Bronaugh is entitled to one-sixth of Robert Jones's estate as his heir, which amounts to eight hundred and sixty dollars and sixty-six cents.

2. We show also that as heir of Thomas Jones's estate, she is entitled to one-fifth, amounting to two hundred and seventy-four dollars, which added to the other, makes one thousand one hundred and thirty-four dollars and sixty-six cents, and which is yet in the hands of the defendant as the plaintiffs' agent. He has refused to account and pay it over. This sum we have a right to recover from the defendant.

*Winn*, on the same side.

1. The plaintiffs have a right to recover of the defendant the amount that shall appear due and in his hands.

2. He received the money of the plaintiffs, and has never paid it over; therefore the jury correctly found the sum due.

*Boyce* and *Scott*, for the defendant, contended:

1. That as he was sued for acts done by him under a power of attorney from his co-heirs, in relation to property inherited by them, and yet held in common among all, (himself included,) the action should have been one of partition, and commenced in the Probate Court. *Code of Practice, article* 924, *number* 14, 1021.

2. The plaintiff has no right to recover an undivided portion of the common property, or the value of it, from her co-heir, in this form of action, before the ordinary tribunal.

3. The plaintiff signed a private instrument, ratifying the acts of the defendant—giving credit for certain sums, for which he now claims an allowance, and they cannot contra-

WESTERN DIST.
October, 1831.

BRONAUGH
ET ALS.
vs.
BOWLES.

dict that act on the ground that it was the intention of the parties further to acknowledge before a notary. It is good as a private act. *Louisiana Code, article 2232.* Nor can it be impeached, because all the parties mentioned in it, having similar interests, did not sign it. 8 *Touillier, page 516, article 347, number 300.*

4. Those who did not sign the act, had in fact conveyed their interest to the defendant, so that in fact all the parties in interest did sign this act.

·5. Although the plaintiff in her answer to interrogatories, says she did not read the act, and did not then know that it contained matter to which she now objects, yet her husband read and knew its contents, so that her objection is not entitled to any weight, as it is contradicted by the presumptions arising from the circumstances of the case. See 8 *Touillier, page 407, number 275.*

6. The defendant is entitled to credit for that portion of the property which he gave to pay the debts against the succession of the testator Jones—having an interest in discharging them. *Louisiana Code, article 2157.*

7. He is also to be credited for the balance due Mathew Jones, under the will of Robert Jones, as an annuity; and this balance ought to bear interest. *Civil Code, page 238, article 141.*

*Mathews, J.* delivered the opinion of the court.

In this suit the wife, assisted by her husband, claims as heir and legatee of Robert Jones, her uncle, one-sixth part of the proceeds of property sold by the defendant under authority and power granted to him by the legatees and heirs of the succession of said Robert, being a part of said succession.

The action is brought to compel the attorney in fact to account and pay over to the plaintiff her proportion of the funds which may appear to be in his hands.

The cause was submitted to a jury in the court below, who found a verdict in her favor for one thousand and four dollars, and judgment being thereon rendered, the defendant appealed.

Interrogatories were put to the defendant, and his answers were objected to by the counsel for the plaintiff as having

WESTERN DIST.
October, 1831.

BRONAUGH
ET ALS.
vs.
BOWLES.

If answers to interrogatories are presented to be filed after the trial has commenced, the adverse party may have time allowed to except or object to them, by a continuance or postponement of the cause; but he cannot object to filing them.

been offered too late. The judgment from which this appeal is taken, was rendered on a second trial of the cause in the court below. The answers were brought into court after the commencement of the trial in the first instance, and received, to which an exception was taken. We are of opinion that they were properly admitted. If the plaintiffs had objections to make to them, the cause should perhaps have been continued at his instance for that purpose. But no exceptions seem to have been taken to their pertinency at that time, and none during the interval between the first and second trial; and in the last they were clearly good evidence, whatever might have been the consequence of their late production in the first.

The counsel for the defendant seems to rely much on an instrument attempted to be passed before the parish judge of Rapides, purporting to be a final settlement of accounts between his client and all his constituents in the power granted him to dispose of that part of the testator's property, the proceeds of which he is now called on to account for. That act was never fully completed by the signatures of all the parties; and if it had been complete it would still have remained subject to revision on account of errors.

Where one of several heirs appoints another of the heirs as agent to sell and dispose of the joint property and pay over the portion coming to the heir who constitutes him her agent, she can sue him in the District Court and compel him to render an account of his agency.

The accounts of the agent are open to settlement in the present action, so far as they affect the interests and claim of the plaintiffs; and having relation to his acts as attorney for the heirs and legatees of full age, who had a right to appoint him; and to whom he must give an account of his acts. Such an account is properly required of him, before the tribunal of ordinary jurisdiction. This observation is a sufficient answer to the defendant's plea to the jurisdiction of the District Court.

The case offers no other questions of law or practice, worthy of notice in ascertaining the rights of the parties; and from a full examination of the accounts and testimony adduced, we are of opinion that the verdict and judgment of the court below has done justice to the parties litigant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.